SHARON L. & JOSE L. GOMEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gomez v. Commissioner
Docket No. 4957-79.
United States Tax Court
T.C. Memo 1980-565; 1980 Tax Ct. Memo LEXIS 18; 41 T.C.M. (CCH) 585; T.C.M. (RIA) 80565; December 18, 1980
Sharon L. Gomez and Jose L. Gomez, pro se. Robert J. Alter, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 702.88 in petitioners' income tax for the calendar year 1976. The sole issue is the extent to which petitioners are entitled to a deduction, under section 280A, [1] for home-office expenses paid by Sharon L. Gomez in connection with her business activities. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *19 Petitioners resided in New York, N.Y., at the time they filed their petition herein. During 1976, Sharon L. Gomez (Mrs. Gomez) was employed full time by Revlon, Inc. (Revlon) as a Sales Account Manager. She sole merchandise to, and serviced existing accounts of, Revlon customers and developed new accounts in an assigned sales territory. Revlon did not furnish Mrs. Gomez with any office. She used her home as her office, where she kept her business records and from which she maintained, by telephone, contact with her customers and stayed in touch with Revlon. From January 1, 1976, to July 31, 1976, petitioners lived in a three-room (one bedroom) apartment with a total square footage of 535 square feet. Mrs. Gomez used a portion of her living room as an office to perform work related to her job but such portion was not a specific portion thereof. The furniture and furnishings which she used in this fashion were located at different places in the room, which also contained furniture which was used for personal purposes. Petitioners paid $ 2,292 in rent for this apartment plus $ 70 in repairs and maintenance and $ 231 in electricity. From August 1, 1976, through December 31, 1976, petitioners *20 lived in a two-bedroom apartment with a total square footage of 747 square feet. Mrs. Gomez used one bedroom exclusively as an office to perform work related to her job. Petitioners paid $ 2,800 in rent for this apartment and $ 125 in electricity. During 1976, Mrs. Gomez did not meet with any clients or customers in either of the apartments. OPINION On brief, respondent concedes that the apartments constituted Mrs. Gomez' principal place of business and it is clear from the record herein that such use was on a regular basis and for the convenience of Revlon. Thus, the only question before us is whether "a portion of the dwelling unit [the apartment]" was so used. [2] Section 280A(c)(1). The burden of proof is on the petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure.
As to the apartment occupied from January 1, 1976, to July 31, 1976, we hold that petitioners have failed to carry their burden. The phrase "a portion" contained in section 280A(c)(1) is explained in the legislative history as follows: Exclusive use of a portion of a taxpayer's dwelling unit means that *21 the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities. [Emphasis added.] S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rpt. No. 94-658 (1975), 1976-3 (Vol. 2) 695, 853; Joint Committee Explanation, 1976-3 C.B. (Vol. 2) 1, 152. [3]
Such legislative history disposes of petitioners' argument that the phrase "a portion" can be interpreted to refer to various segmented parts of a single room where furniture utilized for business is physically located, assuming arguendo that such phrase does not require a space that is physically *22 separated by a wall, partition, etc., from space used for personal purposes. As to the apartment occupied from August 1, 1976, to December 31, 1976, we hold that petitioners have carried their burden of proof. While the record herein is technically incomplete as to the square footage of the bedroom used for business purposes, we are satisfied that the 250-square-feet figure, used by petitioners for purposes of a limited stipulation by respondent, is within the bounds of reason and should be accepted. Consequently, petitioners are entitled to a deduction of 250/747 of $ 2,925 ($ 2,800 rent plus $ 125 in electricity). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. No issue as to substantiation of the amounts expended is involved herein.↩
3. See also Weiner v. Commissioner,T.C. Memo. 1980-317↩.